IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| LUCINDA HAZELTON, ) | CIVIL ACTION 4:08-2767-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This is an action brought pursuant to Section s 205(g) and 1631(c)(3) of the Social Security Act, as amended, 42 U.S.C. §§ 405(g) and 1383(c)(3), to obtain judicial review of a "final decision" of the Commissioner of Social Security, denying plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). The only issues before the Court are whether the findings of fact are supported by substantial evidence and whether proper legal standards have been applied. Upon consent of the parties, this case was referred to the undersigned for the conduct of all further proceedings and the entry of judgment.

## I. PROCEDURAL HISTORY

Plaintiff, Lucinda Hazelton, protectively filed applications for DIB and SSI on June 4, 2004, with an alleged onset of disability of April 23, 2004. (Tr. 50, 240). Plaintiff requested a hearing before an administrative law judge (ALJ) after her claims were denied initially and on reconsideration. (Tr. 32). After ALJ Gregory Wilson issued an unfavorable decision on July 19,

2006 (Tr. 8), plaintiff filed a request for review with the Appeals Council (Tr. 7), which the Appeals Council denied (Tr. 3).

Plaintiff filed a complaint with the district court seeking review of the administrative decision, and the Court remanded for further administrative proceedings. In turn, the Appeals Council remanded the case to ALJ Richard Vogel "for further proceedings consistent with the order of the court." (Tr. 292). ALJ Vogel held a hearing on July 1, 2008 (Tr. 363), and by decision dated July 22, 2008, found plaintiff not disabled (Tr. 274). Plaintiff seeks judicial review of that decision.

## II. DISABILITY ANALYSIS

In her brief before the Court, plaintiff argues that the Commissioner's findings are in error because the ALJ erred in his evaluations of the following: whether plaintiff's impairments, separately or in combination, met or equaled a listing; plaintiff's credibility; her treating physician's opinion; and, whether plaintiff could perform a substantial number of jobs in the national economy. The Commissioner contends otherwise and urges that substantial evidence supports the determination that plaintiff was not disabled.

In deciding that Plaintiff is not entitled to benefits, the ALJ made the following findings, which have been adopted by the Commissioner:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2009.

2. The claimant has not engaged in substantial gainful activity since April 23, 2004, the alleged onset date (20 CFR 404.1520(b), 404.1571 *et seq.*, 416.920(b) and 416.971 *et seq.*). . . .

3. The claimant has the following severe combination of impairments: fibromyalgia, anemia, asthma and depression (20 CFR 404.1520(c) and 416.920(c)).

2

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). . . .

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to: sit for 6 hours of an 8-hour day; stand/walk for 2 hours of an 8-hour day; frequently lift/carry light items; occasionally lift 10 pounds; never climb or crawl; never have concentrated exposure to lung irritants; and occasionally crouch and stoop. She would require the use of a cane while standing or walking and a sit/stand option at will. She would be further restricted to low-stress work (defined as requiring only occasional decision-making and changes in the work setting) with only occasional exposure to the general public.

Tr. 279, 281-82. The ALJ determined that plaintiff was unable to perform her past relevant work. Tr. 287.

Plaintiff, born on November 25, 1961, was forty-six years old at the time of the ALJ's decision, regulatorily defined as "a younger individual age 45-49." See id. (citing 20 C.F.R. §§ 404.1563 and 416.963). The ALJ found that plaintiff has at least a high school education and can communicate in English. He added that transferability of job skills was not an issue in the case. Based on these factors, plaintiff's residual functional capacity (RFC), and the testimony of a vocational expert (VE), the ALJ concluded that "the claimant has been capable of making a successful adjustment to other work that exists in significant numbers in the national economy." Tr. 288 (citing 20 C.F.R. §§ 404.1520(g) and 416.920(g)). Accordingly, the ALJ decided that plaintiff was not under a disability, as defined in the Social Security Act (the Act), from April 30, 2004, through the date of his decision.

Under the Act, 42 U.S.C. Section 405(g), this Court's scope of review of the Commissioner's final decision is narrowly tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether he applied the correct law. Richardson v. Perales,

402 U.S. 389 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). "Substantial evidence" is that evidence which "'a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. at 401 (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Such evidence is generally equated with the amount of evidence necessary to avoid a directed verdict. Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984). The Court's narrow scope of review does not encompass a de novo review of the evidence, and the Commissioner's finding of non-disability is to be upheld, even if the Court disagrees, so long as it is supported by substantial evidence. 42 U.S.C. § 405 (g); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

The general procedure of a Social Security disability inquiry is well established. Five questions are to be asked sequentially during the course of a disability determination. See 20 C.F.R. §§ 404.1520 and 416.920.[1] An ALJ must consider whether: (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a severe impairment; (3) the claimant has an impairment which equals a condition contained in the Act's listing of impairments (codified at 20 C.F.R. Part 404, Subpart P, Appendix 1); (4) the claimant has an impairment which prevents past relevant work; and (5) the claimant's impairments prevent him from any substantial gainful employment. If an individual is found not disabled at any step, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); Hall v. Harris, 658 F.2d 260 (4th Cir. 1981). An ALJ's factual determinations must be upheld if supported by substantial evidence and if proper legal standards were applied. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986).

---

[1] All of this Court's references to the Code of Federal Regulations (C.F.R.) are to the 2008 edition.

Under 42 U.S.C. Section 423(d)(5), the plaintiff has the burden of proving disability, which is defined by Sections 423(d)(1)(A) and 1382c(a)(3)(A)[2] as an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  See also 20 C.F.R. § 404.1505(a); Blalock, 483 F.2d at 775.

### III.  ARGUMENTS

Plaintiff argues that the ALJ erred in not giving controlling weight to the opinions of her treating physicians.

The "treating physician" rule, however, does not mandate that the opinion be given controlling weight.  See Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992) (per curiam).  "It is error to give an opinion controlling weight simply because it is the opinion of a treating source if it is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or if it is inconsistent with the other substantial evidence in the case record." Social Security Ruling (SSR) 96-2p, 61 Fed. Reg. 34490-01, 34491.  See also 20 C.F.R. § 404.1527.  Thus, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996).  See also Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001) ("Under such circumstances, the ALJ holds the discretion to give less weight to the testimony of a treating

---

[2] The regulations applying these sections are contained in different parts of Title 20 of the Code of Federal Regulations (C.F.R.).  Part 404, "Federal Old-Age, Survivors and Disability Insurance," relates to title II of the Act, see 20 C.F.R. § 404.1, and Part 416, "Supplemental Security Income for the Aged, Blind, and Disabled," relates to the Act's title XVI, see 20 C.F.R. § 416.101.  Since the relevant portions of the two sets of regulations are identical, the citations in this report will be limited to those found in Part 404.

5

physician in the face of persuasive contrary evidence."). Further, although a treating physician may offer an opinion as to a claimant's RFC, the final responsibility for deciding this issue is reserved to the Commissioner, and no special significance will be given to the source of such opinion. 20 C.F.R. § 404.1527(e)(2),(3).

Dr. Carrie Kithianis of Charleston Mental Health completed a form opining that plaintiff suffered from "marked" restriction of activities of daily living and "marked" difficulties in maintaining social functioning, thus satisfying the B criteria of Listing 12.04. The ALJ discounted Dr. Kithianis's opinion describing it as "more a vocational opinion than a medical opinion and thus . . . not worthy of great weight." (Tr. 285). The undersigned disagrees. The regulations define a "medical opinion" as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2). See also Casey v. Astrue, 503 F.3d 687, 695 (8th Cir. 2007) ("[T]he value of a medical source's opinion is found in 'judgments about the nature and severity' of a claimant's impairments[.]").

The ALJ further explained that he discounted Dr. Kithianis's opinion because it "was based primarily on the claimant's subjective symptoms," and the ALJ found plaintiff to be less than fully credible. (Tr. 285). Under the Act, a "mental impairment" must result from psychological abnormalities "which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D). The Commissioner's regulations provide that such an impairment "must be established by medical evidence consisting of signs, symptoms, and

6

laboratory findings." 20 C.F.R. § 404.1508. These signs must be observable, and "shown by medically acceptable clinical diagnostic techniques." Id. § 404.1528(b).

For mental impairments, "Psychiatric signs are medically demonstrable phenomena that indicate specific psychological abnormalities, e.g., abnormalities of behavior, mood, thought, memory, orientation, development, or perception. They must also be shown by observable facts that can be medically described and evaluated." Id. Psychiatric "laboratory findings" are "psychological phenomena which can be shown by the use of medically acceptable laboratory diagnostic techniques," including psychological tests. Id. § 404.1528(c).

The Listings incorporate these measures:

> The existence of a medically determinable impairment of the required duration must be established by medical evidence consisting of clinical signs, symptoms and/or laboratory or psychological test findings. . . . Clinical signs are medically demonstrable phenomena which reflect specific abnormalities of behavior, affect, thought, memory, orientation, or contact with reality. These signs are typically assessed by a psychiatrist or psychologist and/or documented by psychological tests. *Symptoms are complaints presented by the individual. Signs and symptoms generally cluster together to constitute recognizable clinical syndromes (mental disorders). Both symptoms and signs which are part of any diagnosed mental disorder must be considered in evaluating severity.*

Listings, 12.00B (emphasis added).

The Commissioner provides that "[t]he presence of a mental disorder should be documented *primarily on the basis of reports from individual providers,* such as psychiatrists and psychologists, and facilities such as hospitals and clinics." Id. § 12.00D (emphasis added). See also Langley v. Barnhart, 373 F.3d 1116, 1122 (10th Cir. 2004) (finding the treating psychologist's observations about claimant's functional limitations constituted "specific medical findings"). As the regulatory scheme relies on "[s]ymptoms . . . presented by the individual," the ALJ cannot disregard a treating source's assessment on this basis. Additionally, the ALJ concluded that Dr. Kithianis's opinion

7

lacked "substantial support from the other objective evidence of record" (Tr. 285), but fails to identify such evidence.

Further, the ALJ stated that Dr. Valerie Scott opined from "August 2004 that the claimant was impaired in ambulation and from October 2004 that the claimant was not capable of performing any work because she was disabled by fibromylagia and was unable to be active for more than 1-2 hours, walk more than a couple of blocks, or lift anything." The ALJ concluded that Dr. Scott's assessment was based primarily on the claimant's subjective symptoms, was devoid of any explanation, rationale, clinical findings, or reference to objective testing. The ALJ further concluded that Dr. Scott's treatment notes did not document any specific treatment regarding plaintiff's fibromylagia.

As noted by the plaintiff, in an Order entered March 6, 2008, the Honorable G . Ross Anderson, Jr.,United States District Judge, found that substantial evidence did support Dr. Scott's opinion and that nothing in the record is inconsistent with Dr. Scott's final opinion.( See plaintiff's brief, p. 32).

Therefore, the undersigned concludes that this case should be remanded to the Commission for an additional hearing to analyze Dr. Kithanis' assessment pursuant to the Rules and in conjunction with Dr. Scott's opinion.

Plaintiff also argues that the ALJ erred in not analyzing whether the combined effect of her severe impairments equaled a listing. Although the Listings specify the criteria for impairments that are considered presumptively disabling, 20 C.F.R. § 404.1525(a), "a failure to establish disability under the listings by reference to a single, separate impairment does not prevent a disability award." Walker v. Bowen, 889 F.2d 47, 49 (4th Cir. 1989). A claimant may also demonstrate presumptive

disability by showing that her impairment, or combination of impairments, is accompanied by symptoms that are equal in severity to those described in a specific listing. 20 C.F.R. § 404.1526(a). The Fourth Circuit requires the consideration of the combined effect of a claimant's impairments, "without regard to whether any such impairment if considered separately would be sufficiently severe," together with an "adequate[]" explanation of this evaluation. <u>Walker</u>, 889 F.2d at 49, 50.

A review of the ALJ's decision reveals that he did consider the impairments separately but not in combination. In the decision, the ALJ discussed plaintiff's fibromyalgia, anemia, asthma, and depression separately, but did not discuss her impairments in combination as required. The ALJ's failure to adequately consider the combined effect of plaintiff's multiple impairments violates 20 C.F.R. § 404.1523, which requires that:

> In determining whether your physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under the law, we will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. If we do find a medically severe combination of impairments, the combined impact of the impairments will be considered throughout the disability determination process. If we do not find that you have a medically severe combination of impairments, we will determine that you are not disabled (see § 404.1520)."

The ALJ's discussion of plaintiff's impairments is fragmentized and his decision fails to meet the Fourth Circuit's standard for analyzing and explaining the combined impact of all of a

claimant's impairments on her ability to do work, as enunciated in Walker v. Bowen[3], 889 F.2d 47 (4th Cir. 1989).

The undersigned is cognizant of the age of this claim and that it has been remanded once before. Nonetheless, we are to determine whether the Commissioner's decision is supported by substantial evidence. The ALJ failed to properly discuss the combined effects of plaintiff's impairments. This case is remanded for proper consideration and discussion of the combined effects and/or any additional analysis and testimony the Commissioner deems necessary. This court is unable to complete its function on the record presented. Consequently, this case is reversed and remanded to the Commissioner for proper consideration as outlined above.

---

[3] In Walker, the Fourth Circuit held that:
> It is axiomatic that disability may result from a number of impairments which, taken separately, might not be disabling, but whose total effect, taken together, is to render claimant unable to engage in substantial gainful activity. In recognizing this principle, this Court has on numerous occasions held that in evaluating the effect of various impairments upon a disability benefit claimant, the Secretary must consider the combined effect of a claimant's impairments and not fragmentize them. Reichenbach v. Heckler, 808 F.2d 309 (4th Cir. 1985); DeLoatche v. Heckler, 715 F.2d 148 (4th Cir. 1983); Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974); Hicks v. Gardner, 393 F.2d 299 (4th Cir. 1968); Griggs v. Schweiker, 545 F.Supp. 475 (S.D.W.Va. 1982). As a corollary to this rule, the ALJ must adequately explain his or her evaluation of the combined effects of the impairments. Reichenbach, 808 F.2d at 312. In this case, the ALJ did not comply with these requirements and the claimant is entitled to have his claim remanded for proper consideration.

Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989)

## IV. CONCLUSION

Based upon the foregoing, this court concludes that the ALJ's findings are not supported by substantial evidence. Therefore, it is ORDERED that the Commissioner's decision be REMANDED pursuant to sentence four for further administrative action as set out above.

AND IT IS SO ORDERED.

s/Thomas E. Rogers, III<br>Thomas E. Rogers, III<br>United States Magistrate Judge

March 19, 2010
Florence, South Carolina